Richard D. Keyser, Esq. Town Attorney, Southport
You have asked whether a member of the town board may also hold the position of alternate communications director for the town.
In the absence of a constitutional or statutory prohibition against duel-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Your question involves the compatibility of an office (town board member) and a position of employment in town government. The town board is both the administrative and legislative arm of town government. In such capacity, employees of the town are under the supervision and direction of the town board. The board would be responsible for the determination of compensation paid to such employees and would evaluate job performance. Thus, it appears that one position would be subordinate to the other, establishing incompatibility (see Op Atty Gen [Inf] 81-55). We have also concluded, however, that the town board in determining public policy on behalf of the town may, by local law supersede the common law doctrine of compatibility of office (Op Atty Gen [Inf] 83-50). For example, in a small town there may not be enough residents willing to serve the town or there may be few persons possessing required expertise. In situations such as these, the town board may find it necessary, in furthering the public interest, to establish exceptions to the common law rule of compatibility of office.
We conclude that as a general rule a person should not serve simultaneously as a member of the town board and as an employee of a town. However, under certain circumstances in furthering the best interests of the town, the town board by local law may establish exceptions to the common law rule of compatibility of office.